UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES ROLKIEWICZ,

                              Index No.:

                  Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER COLIN          **COMPLAINT**
SULLIVAN, POLICE OFFICER JAMES QUIRK,                  **AND JURY**
Police Officers with the New York City Police Department,    **DEMAND**
in their official and individual capacity,

                  Defendants.
------------------------------------------------------------------------X

      **TAKE NOTICE**, the Plaintiff, JAMES ROLKIEWICZ, hereby appears in this action by and through his attorneys, THE LAW OFFICE OF PAMELA S. ROTH, ESQ., PC, complaining of the Defendants herein, and alleges upon information and belief, as follows:

## NATURE OF PROCEEDINGS

    1.    This is a proceeding for compensatory and punitive damages owing to the plaintiff, JAMES ROLKIEWICZ, and affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this Court deems just and proper as a result of violations of Civil Rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and under Federal Law, particularly Title 42 of The United States Code, Section 1983, 1985, Title 18 of The United States Code, Section 1965(e), Title 18 of The United States Code, Section 1965(a), Title 18 of The United States Code, Section 1962 and Title 28 of The United States Code, Section 1367(a).

## JURISDICTION AND VENUE

    2.    Jurisdiction over Plaintiff's claims is invoked under 28 U.S.C. §1331, § 1342(3), §1343 (3) & (4) and 1367 Title 42 of The United States Code §1981 and §1983.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue herein is proper for the United States District Court for the SOUTHERN DISTRICT OF NEW YORK under 28 U.S.C. §1391 (a), (b), and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury on all issues pursuant to the Seventh Amendment to The United States Constitution and Fed. R. Civ. P. 38.

## PARTIES

6. Plaintiff JAMES ROLKIEWICZ at all times hereinafter mentioned was and still is a citizen of the United States residing is a resident of the County of Richmond, City and State of New York.

7. Defendant THE CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

9. That at all times hereinafter mentioned, the defendants, POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK, were and still are Police Officers, being employees of the New York City Police Department, respectively, violated Plaintiff's civil rights

without just and probable cause, causing him physical injury, pain, suffering, emotional and economic loss.

10. That at all times hereinafter mentioned, the individually named defendants POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned, defendant POLICE OFFICER COLIN SULLIVAN, a police officer for THE CITY OF NEW YORK and acting under color of state law, is being sued herein both in his individual and official capacity, is and was at all times hereinafter mentioned, and particularly on or about September 1, 2015, employed by the City of New York.

12. On September 1, 2015, Defendant, POLICE OFFICER SULLIVAN, was on duty and assigned to the 6th Precinct and serving under Tax Registry No. unknown at this time.

13. On September 1, 2015, Defendant, POLICE OFFICER QUIRK, was on duty and assigned to the 6th Precinct and serving under Tax Registry No. unknown at this time.

14. That at all times hereinafter mentioned, defendant POLICE OFFICER JAMES QUIRK, a police officer for THE CITY OF NEW YORK and acting under color of state law, is being sued herein both in his individual and official capacity, is and was at all times hereinafter mentioned, and particularly on or about September 1, 2015, employed by the City of New York.

15. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulation, laws, statutes, customs, usages, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

17. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## PRELIMINARY STATEMENT

18. Plaintiff JAMES ROLKIEWICZ was not guilty of any criminal acts. On September 1, 2015 commencing at approximately 8:30 p.m. at, near and in front of 4446 Barrow Street near Hudson Street, New York, New York and lasting more than 13 (thirteen) hours and ending on September 3, 2015 at 1 Centre Street, New York, New York in Criminal Court, plaintiff was a victim of police brutality, unnecessary use of excessive force, and violation of his Constitutional civil rights.

19. Plaintiff was walking along Barrow Street and stopped near the front steps of the Greenwich House Music Society as he was experiencing an asthma attack. Plaintiff sat on the steps as he searched for his inhaler.

20. Defendants PO SULLIVAN and PO QUIRK pulled up alongside the curb, in their marked NYPD patrol car. Both Defendants exited the vehicle and approached plaintiff as he sat on the steps.

21. Plaintiff ROLKIEWICZ was verbally abused, racially targeted and was the victim of a hate crime by defendant PO SULLIVAN who repeatedly called him "a fucking faggot" while demanding his identification, while plaintiff was having an asthma attack.

22. Defendant PO SULLIVAN immediately grabbed plaintiff and repeatedly smashed his face and head into the hood of the NYPD patrol car.

23.     Plaintiff was the victim of an assault and battery committed upon him by PO SULLIVAN, an employee of Defendant the CITY OF NEW YORK and the New York City Police Department.

24.     Defendant PO QUIRK stood by and watched the vicious, unprovoked attack upon plaintiff, causing plaintiff to lose consciousness.

25.     Plaintiff was brutally handled, punched, kicked, abusively treated, placed in a chokehold, handcuffed and choked until he lost consciousness. Plaintiff was then was dragged to the back of the patrol car while still unconscious, thrown to the ground, repeatedly punched on his spine, had an assault and battery committed upon him, and put in imminent fear of life or limb.

26.     Plaintiff was never told why he was arrested.

27.     Plaintiff was never read his Miranda warnings.

28.     Plaintiff sustained public embarrassment, physical abuse, harassment and illegal confinement.

29.     The defendants the CITY OF NEW YORK, POLICE OFFICER SULLIVAN and POLICE OFFICER QUIRK, their agents, servants and/or employee were negligent in performing their duty and in their failure to protect plaintiff JAMES ROLKIEWICZ from imminent and actual harm, in hiring and/or retaining in its employ personnel who are violent persons who would assault and commit battery on a law abiding individual and in failing to adequately train and supervise its personnel, in causing or permitting or allowing an unwarranted use of force against plaintiff and an unreasonable restriction of freedom and liberty and in causing allowing or permitting its personnel to violate plaintiff's civil and constitutional rights.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**<u>VIOLATION OF CIVIL RIGHTS</u>**

30.     Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

31.     That on or about September 1, 2015 and continuing through September 3, 2015, the defendants, their agents, servants and employees, including but not limited to the police officers, wrongfully and falsely arrested, denied the plaintiff medical care or proper medical care, imprisoned and detained plaintiff without any right or justifiable grounds therefore.

32.     That the aforesaid arrest, detention, denial of medical care or proper medical care, and imprisonment continued at various locations.

33.     That the said arrest, detention, denial of medical care or proper medical care, and imprisonment was caused by the defendants, its agents, servants and employees, including but not limited to the police, without a warrant and without any reasonable cause or belief that plaintiff was in fact guilty of any crime

34.     That Defendant CITY, its agents, servants and employees, as set forth above, intended to confine plaintiff; that plaintiff was conscious of the confinement; that plaintiff did not consent to the confinement; that the confinement was not otherwise privileged; and having a reckless indifference to plaintiff's medical condition.

35.     That by reason of the false arrest, imprisonment and detention of plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was greatly injured in his credit and circumstance and was prevented and hindered from performing his necessary affairs, suffered from a debilitating injury without any or suitable medical care, and was caused to suffer much pain in both mind and body, and was otherwise damaged.

36.     As a direct and proximate result of the defendants' actions, Plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and laws of New York and

the United States, including, but not limited to his rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in his person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, use of excessive force, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

37. As a result of the aforesaid violation of Plaintiff's rights, sustained injuries and damages previously described in this complaint.

38. As a result of the foregoing, Plaintiff JAMES ROLKIEWICZ seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A SECOND CLAIM FOR RELIEF

39. Plaintiff JAMES ROLKIEWICZ repeats and reiterates each and every allegation contained in paragraphs 1 through 38 as if fully set forth at length herein.

40. That immediately prior to and during the course of his arrest and detention, plaintiff was accosted, assaulted and battered by defendants PO SULLIVAN and PO QUIRK, by act and failure to act, and denied proper medical care.

41. That by reason of the aforesaid, plaintiff sustained personal injuries, endured and will endure pain and suffering and loss of enjoyment of life, and economic loss, and was otherwise damaged.

## AS AND FOR A THIRD CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

42. Plaintiff JAMES ROLKIEWICZ repeats and reiterates each and every allegation contained in paragraphs 1 through 41 as if fully set forth at length herein.

43. Defendants issued legal process to place plaintiff JAMES ROLKIEWICZ under arrest.

44. Defendants arrested plaintiff JAMES ROLKIEWICZ in order to obtain a collateral objective outside the legitimate ends of the legal process.

45. That following his arrest, plaintiff was wrongfully, falsely and maliciously charged by defendants and prosecuted for a crime of which he was innocent.

46. That as a result thereof, during the period of September 1, 2015 and through September 3, 2015, plaintiff was incarcerated, remained in handcuffs, required to make an appearance in Criminal Court in New York County, City and State of New York, to defend himself in the criminal proceedings that defendants had initiated against him.

47. Plaintiff had not committed any illegal act.

48. Defendants acted with malice in initiating criminal proceedings against plaintiff.

49. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

50. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

51. Defendants acted with malice in continuing criminal proceedings against plaintiff.

52. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

53. Plaintiff had not given defendants, its agents, servants and/or employees probable cause to believe that he had committed the illegal acts hereinafter complained of.

54. Defendants knew, or should have known through the exercise of reasonable care and proper police procedure that said investigation was flawed and incomplete.

55. Defendants, their agents, servants and/or employees willful and wrongfully accused plaintiff of having committed a crime in violation of the Penal Laws of the State of New York.

56. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and detaining the Plaintiff.

57. As a result of the aforesaid, Plaintiff JAMES ROLKIEWICZ sustained the injuries and damages previously described in this complaint.

58. That as a result of the aforesaid malicious prosecution, plaintiff JAMES ROLKIEWICZ, was subjected to great indignities, humiliation, and ridicule, was caused to suffer much pain in both mind and body, was deprived of his constitutional rights and was otherwise damaged.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## NEGLIGENT RETENTION AND NEGLIGENT HIRING

59. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 58 as if fully set forth herein.

60. That the aforesaid actions, and resulting injuries to plaintiff, JAMES ROLKIEWICZ, were due to the negligence of the defendants, their agents, servants or employees in the hiring, retention, and training of its employees, including the police herein involved in the arrest, assault and battery, denial of medical attention and malicious prosecution of the plaintiff.

61. That the defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

62. As a result of the aforesaid, Plaintiff JAMES ROLKIEWICZ sustained the injuries and damages previously described in this complaint.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiff JAMES ROLKIEWICZ repeats and reiterates all of the allegations contained in paragraphs 1 through 62 as if fully set forth herein.

64. The actions of the defendants in arresting the Plaintiff JAMES ROLKIEWICZ, who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

65. As a result of the aforesaid, Plaintiff JAMES ROLKIEWICZ sustained injuries and damages previously described in this complaint.

## AS AND FOR A SIXTH CLAIM FOR RELIEF

66. Plaintiff JAMES ROLKIEWICZ repeats and reiterates all of the allegations contained in paragraphs 1 through 65 as if fully set forth herein.

67. At no time did Plaintiff JAMES ROLKIEWICZ commit any act or offense for which an arrest may be lawfully made.

68. The false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

69. As a result of the aforesaid, Plaintiff JAMES ROLKIEWICZ sustained injuries and damages previously described in this complaint.

70. As a result of the foregoing, Plaintiff JAMES ROLKIEWICZ seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF
## ASSAULT AND BATTERY

71. Plaintiff JAMES ROLKIEWICZ repeats and reiterates all of the allegations contained in paragraphs 1 through 70 as if fully set forth herein.

72. While the plaintiff JAMES ROLKIEWICZ was in the custody of the defendants, he was caused to be negligently, intentionally, wrongfully, willfully, maliciously, and with gross negligence, physically detained, assaulted, beaten and battered by defendants and was caused to sustain severe and permanent injuries.

73. The aforementioned occurrence took place due to the negligence of the defendants their agents, servants, or employees, acting within the scope of their authority, within the scope of their employment and in furtherance of their agency.

74. The aforesaid occurrence and the results thereof were due to and caused by the negligence of the defendants and their agents, servants, or employees in negligently, carelessly, and recklessly causing, allowing and/or permitting the plaintiff JAMES ROLKIEWICZ to be willfully, maliciously and with gross negligence physically detained, assaulted and battered.

75. No negligence on the part of the plaintiff JAMES ROLKIEWICZ contributed to the occurrence alleged herein in any manner whatsoever.

76. That by reason of the foregoing, the plaintiff JAMES ROLKIEWICZ was caused to sustain serious injuries and to suffer pain, shock, and mental anguish; these injuries and their effects will be permanent; as a result of said injuries the plaintiff has been caused to incur and will continue to incur expenses relative to his injuries.

77. As a result of the foregoing, plaintiff JAMES ROLKIEWICZ seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF

78. Plaintiff JAMES ROLKIEWICZ repeats and reiterates all of the allegations contained in paragraphs 1 through 77 with the same force and effect as if fully set forth herein.

79. Each and every individual defendant had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his constitutional rights.

80. The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

81. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to a false arrest and excessive force.

82. That plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 U.S.C. § 1983 by those who, under a color of a statute or regulation of a state, caused plaintiff to be so deprived.

83. That the aforesaid actions by the police were done pursuant to an official municipal policy or custom of the City and State, which policy involved the indiscriminate detention, interrogation, intimidation, denial of medical attention, and prosecution of individuals were engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

84. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff JAMES ROLKIEWICZ.

85. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

86. All of the foregoing acts by defendants deprived plaintiff JAMES ROLKIEWICZ of federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

    B.      To be free from seizure and arrest not based upon probable cause;

    C.      Not to have excessive force imposed upon him;

    D.      To be free from unlawful search;

    E.      To be free from malicious abuse of process;

    F.      To be free from unwarranted and malicious criminal prosecution;

    G.      Not to have cruel and unusual punishment imposed upon him; and

    H.      To receive equal protection under the law.

87. As a result of the foregoing, plaintiff JAMES ROLKIEWICZ is entitled to compensatory damages in the sum of Five Million Dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of One Million Dollars ($1,000,000.00).

**WHEREFORE**, plaintiff JAMES ROLKIEWICZ demands judgment in the sum of Five Million Dollars ($5,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
          August 25, 2016

                                                    /s/Pamela S. Roth
                                      PAMELA S. ROTH (PR7124)
                                      **LAW OFFICES OF PAMELA S. ROTH, ESQ. P.C.**
                                        Attorneys for Plaintiff
                                        **JAMES ROLKIEWICZ**
                                        **20 Vesey Street, 7th Floor**
                                        **New York, New York 10007**
                                        **(212)-766-8484**