UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JAMES ROLKIEWICZ,

|  |  |
|---|---|
|  | Case No.: |
| Plaintiff, | 16CV06771 ALC |
| -against- | **AMENDED** |
|  | **COMPLAINT** |
| THE CITY OF NEW YORK, POLICE OFFICER COLIN | **AND JURY** |
| SULLIVAN, POLICE OFFICER JAMES QUIRK, | **DEMAND** |

THE CITY OF NEW YORK, POLICE OFFICER COLIN
SULLIVAN, POLICE OFFICER JAMES QUIRK,
Police Officers with the New York City Police Department,
in their official and individual capacity,

Defendants.
-----------------------------------------------------------------------X

     **TAKE NOTICE**, the Plaintiff, JAMES ROLKIEWICZ, hereby appears in this action by and through his attorneys, THE LAW OFFICE OF PAMELA S. ROTH, ESQ., PC, complaining of the Defendants herein, and alleges upon information and belief, as follows:

<u>NATURE OF PROCEEDINGS</u>

     1.    This is a proceeding for compensatory and punitive damages owing to the plaintiff, JAMES ROLKIEWICZ, and affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this Court deems just and proper as a result of violations of Civil Rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and under Federal Law, particularly Title 42 of The United States Code, Section 1983, 1985, Title 18 of The United States Code, Section 1965(e), Title 18 of The United States Code, Section 1965(a), Title 18 of The United States Code, Section 1962 and Title 28 of The United States Code, Section 1367(a).

<u>JURISDICTION AND VENUE</u>

     2.    Jurisdiction over Plaintiff's claims is invoked under 28 U.S.C. §1331, § 1342(3), §1343 (3) & (4) and 1367 Title 42 of The United States Code §1981 and §1983.

3.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue herein is proper for the United States District Court for the SOUTHERN DISTRICT OF NEW YORK under 28 U.S.C. §1391 (a), (b), and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury on all issues pursuant to the Seventh Amendment to The United States Constitution and Fed. R. Civ. P. 38.

## PARTIES

6.     Plaintiff JAMES ROLKIEWICZ at all times hereinafter mentioned was and still is a citizen of the United States residing is a resident of the County of Richmond, City and State of New York.

7.     Defendant THE CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

9.     That at all times hereinafter mentioned, the defendants, POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK, were and still are Police Officers,

being employees of the New York City Police Department, respectively, violated Plaintiff's civil rights without just and probable cause, causing him physical injury, pain, suffering, emotional and economic loss.

10.     That at all times hereinafter mentioned, the individually named defendants POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned, defendant POLICE OFFICER COLIN SULLIVAN, a police officer for THE CITY OF NEW YORK and acting under color of state law, is being sued herein both in his individual and official capacity, is and was at all times hereinafter mentioned, and particularly on or about September 1, 2015, employed by the City of New York.

12.     On September 1, 2015, Defendant, POLICE OFFICER SULLIVAN, was on duty and assigned to the 6th Precinct and serving under Tax Registry No. unknown at this time.

13.     On September 1, 2015, Defendant, POLICE OFFICER QUIRK, was on duty and assigned to the 6th Precinct and serving under Tax Registry No. unknown at this time.

14.     That at all times hereinafter mentioned, defendant POLICE OFFICER JAMES QUIRK, a police officer for THE CITY OF NEW YORK and acting under color of state law, is being sued herein both in his individual and official capacity, is and was at all times hereinafter mentioned, and particularly on or about September 1, 2015, employed by the City of New York.

15.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulation, laws, statutes, customs, usages, policies and/or practices of the State of

New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

16.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

17.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

18.     That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK, had the duty to ensure that the actions, activities and behavior of its said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for protection of others against unreasonable risk of harm.

19.     That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK, had the duty to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

## PRELIMINARY STATEMENT

20.     Plaintiff JAMES ROLKIEWICZ was not guilty of any criminal acts. On September 1, 2015 commencing at approximately 8:30 p.m. at, near and in front of 4446 Barrow Street near Hudson Street, New York, New York and lasting more than 13 (thirteen) hours and ending on September 3, 2015 at 1 Centre Street, New York, New York in Criminal Court, plaintiff was a victim of police brutality, unnecessary use of excessive force, and violation of his Constitutional civil rights.

21.     Plaintiff was walking along Barrow Street and stopped near the front steps of the Greenwich House Music Society as he was experiencing an asthma attack. Plaintiff sat on the steps as he searched for his inhaler.

22.     Defendants PO SULLIVAN and PO QUIRK pulled up alongside the curb, in their marked NYPD patrol car. Both Defendants exited the vehicle and approached plaintiff as he sat on the steps.

23.     Plaintiff ROLKIEWICZ was verbally abused, racially targeted and was the victim of a hate crime by defendant PO SULLIVAN who repeatedly called him "a fucking faggot" while demanding his identification, while plaintiff was having an asthma attack.

24.     Defendant PO SULLIVAN immediately grabbed plaintiff and repeatedly smashed his face and head into the hood of the NYPD patrol car.

25.     Plaintiff was the victim of an assault and battery committed upon him by PO SULLIVAN, an employee of Defendant the CITY OF NEW YORK and the New York City Police Department.

26.     Defendant PO QUIRK stood by, did nothing to stop his partner and watched the vicious, unprovoked attack upon plaintiff, causing plaintiff to lose consciousness.

27.     Plaintiff was brutally handled, punched, kicked, abusively treated, placed in a chokehold, handcuffed and choked until he lost consciousness. Plaintiff was then was dragged to the back of the patrol car while still unconscious, thrown to the ground, repeatedly punched on his spine, had an assault and battery committed upon him, and put in imminent fear of life or limb.

28.     Plaintiff was never told why he was arrested.

29.     Plaintiff was never read his Miranda warnings.

**5 |** P a g e

30.     Plaintiff sustained public embarrassment, physical abuse, harassment and illegal confinement.

31.     The defendants the CITY OF NEW YORK, POLICE OFFICER SULLIVAN and POLICE OFFICER QUIRK, their agents, servants and/or employee were negligent in performing their duty and in their failure to protect plaintiff JAMES ROLKIEWICZ from imminent and actual harm, in hiring and/or retaining in its employ personnel who are violent persons who would assault and commit battery on a law abiding individual and in failing to adequately train and supervise its personnel, in causing or permitting or allowing an unwarranted use of force against plaintiff and an unreasonable restriction of freedom and liberty and in causing allowing or permitting its personnel to violate plaintiff's civil and constitutional rights.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS

32.     Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

33.     That on or about September 1, 2015 and continuing through September 3, 2015, the defendants, their agents, servants and employees, including but not limited to the police officers, wrongfully and falsely arrested, denied the plaintiff medical care or proper medical care, imprisoned and detained plaintiff without any right or justifiable grounds therefore.

34.     That the aforesaid arrest, detention, denial of medical care or proper medical care, and imprisonment continued at various locations.

35.     That the said arrest, detention, denial of medical care or proper medical care, and imprisonment was caused by the defendants, its agents, servants and employees, including but not limited to the police, without a warrant and without any reasonable cause or belief that plaintiff was in fact guilty of any crime

36.    That Defendant CITY, its agents, servants and employees, as set forth above, intended to confine plaintiff; that plaintiff was conscious of the confinement; that plaintiff did not consent to the confinement; that the confinement was not otherwise privileged; and having a reckless indifference to plaintiff's medical condition.

37.    That by reason of the false arrest, imprisonment and detention of plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was greatly injured in his credit and circumstance and was prevented and hindered from performing his necessary affairs, suffered from a debilitating injury without any or suitable medical care, and was caused to suffer much pain in both mind and body, and was otherwise damaged.

38.    As a direct and proximate result of the defendants' actions, Plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and laws of New York and the United States, including, but not limited to his rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in his person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, use of excessive force, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

39.    Said incident has caused severe, personal and permanent injuries to the Plaintiff JAMES ROLKIEWICZ as a result of the negligence, carelessness, recklessness, and gross negligence of the CITY OF NEW YORK and the New York City Police Department, and their agents, servants, and/or employees, POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK.

40.    Furthermore, Plaintiff JAMES ROLKIEWICZ has suffered a myriad damages and puts forth a claim for pain and suffering, mental anguish, emotional distress, psychological

trauma resulting in nervousness, anxiety, fear, sleeplessness and nightmares, embarrassment, humiliation, degradation and shame, diminished reputation, malicious prosecution, and false arrest; in addition, damage incurred by his personal reputation and character has resulted in a loss of quality and/or enjoyment of life.

41.     Henceforth, the Plaintiff's inalienable civil rights as a citizen of the United States of America, put forth and implemented under the Constitution of the State of New York and The United States of America, were negligently violated and all other damages to which Plaintiff is entitled by case law and statute all to his damage in the sum of TEN MILLION DOLLARS ($10,000,000.00).

42.     This action arises under the United States Constitution, particularly under provisions of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under Federal law, including the Civil Rights Act, Title 42 of the United States Code, Sections 1981, 1983 and 1988 and the rights under the Constitution and laws of the State of New York.

43.     Each and all of the acts of the defendants herein were done by the police department of the Defendant, THE CITY OF NEW YORK, its servants, agents and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and City of New York, and under the authority of their office as police officers of said City and State.

44.     Each and all of the acts of the defendants herein were done by the Defendants POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK, a gang of police officers, and each of them, not as individuals, but under the color and pretense of the

statutes, ordinances, regulations, customs and usages of the State of New York and City of New York, and under the authority of their office as police officers of said City and State.

45.     That by reason of the foregoing, this Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained bruises and contusions to his face and head, hematomas, swelling, pain, discomfort, soreness, damages to his right shoulder, his left shoulder, his back, his left hand, his right hand, nerve damage to his hands and wrists, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and Plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, all to his great damage.

46.     As a result of the aforesaid violation of Plaintiff's rights, sustained injuries and damages previously described in this complaint.

47.     As a result of the foregoing, Plaintiff JAMES ROLKIEWICZ seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**DEPRIVATION OF RIGHTS UNDER THE**
**US CONSTITUTION AND 42 U.S.C. § 1983 BY**
**DEFENDANTS POLICE OFFICER COLIN SULLIVAN**
**and POLICE OFFICER JAMES QUIRK**

48.     Plaintiff JAMES ROLKIEWICZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

49.    As a result of defendant's aforementioned conduct by Defendants POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK's conduct and action, Plaintiff was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely arrested, imprisoned, detained, confined, incarcerated and maliciously prosecuted by the Defendants in a criminal proceeding, without any probable cause, privilege or consent.

50.    As a result of defendant's aforementioned conduct by Defendant POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK's conduct and action, in assaulting, arresting, imprisoning Plaintiff, and in failing to intercede on behalf of Plaintiff to protect him from unjustified and unconstitutional treatment, Defendant POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK's, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of her acts, caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

51.    As a result of the foregoing, Plaintiff's liberties were restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and was otherwise damaged and injured.

**THIRD CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE**
**US CONSTITUTION AND 42 U.S.C. § 1983**
**BY DEFENDANTS POLICE OFFICER COLIN SULLIVAN**

**and POLICE OFFICER JAMES QUIRK**

52.     Plaintiff JAMES ROLKIEWICZ  repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

53.     As a result of defendant's aforementioned conduct by Defendants POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK's conduct and action, Plaintiff was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely arrested, imprisoned, detained, confined, incarcerated and maliciously prosecuted by the Defendants in a criminal proceeding, without any probable cause, privilege or consent.

54.     As a result of defendant's aforementioned conduct by Defendants POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK's conduct and action, in macing, arresting, imprisoning Plaintiff, and in failing to intercede on behalf of Plaintiff to protect him from unjustified and unconstitutional treatment, Defendants POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

55.     As a result of the foregoing, Plaintiff's liberties were restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, suffered psychological injury and emotional distress,

suffered permanent and debilitating injuries, costs and expenses, and was otherwise damaged and injured.

**FOURTH CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION AND**
**42 U.S.C. § 1983 BY THE CITY OF NEW YORK**

56.     Plaintiff JAMES ROLKIEWICZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

57.     At all times material to this complaint, Defendant the CITY OF NEW YORK and the New York City Police Department, acting through Defendants POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK, had in effect and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the individual defendant.

58.     At all times material to this complaint, Defendant the CITY OF NEW YORK and the New York City Police Department failed to properly train, screen, supervise or discipline its police officers, including Defendants POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK, and Defendant THE CITY OF NEW YORK and the New York City Police Department failed to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants, thereby permitting Defendants POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK to be in a position to violate Plaintiff's constitutional rights.

59.     Defendant the CITY OF NEW YORK and the New York City Police Department, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant the CITY OF NEW YORK and the

New York City Police Department are aware of the persistent and substantial risk of improper arrest, treatment, and detention of persons, and effective training, supervision, and discipline would lessen the likelihood of such occurrences.  There are recurrent circumstances, which involve such potential danger to the constitutional rights of citizens, those which are officially tolerated by defendant the CITY OF NEW YORK and the New York City Police Department. Such  policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to Plaintiff, in violation of Plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

60.     As a result of the foregoing, Plaintiff's liberties were restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and was otherwise damaged and injured.

**FIFTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

61.     Plaintiff JAMES ROLKIEWICZ  repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

62.     Defendants misrepresented and falsified evidence before the District Attorney.

63.     Defendants did not make a complete and full statement to the District Attorney.

64.     Defendants withheld exculpatory handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and was otherwise damaged and injured.

**SIXTH CAUSE OF ACTION**

## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

65.     Plaintiff JAMES ROLKIEWICZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

66.     Defendants issued legal process to place Plaintiff under arrest.

67.     Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

68.     Defendants acted with intent to do harm to Plaintiff, without excuse or justification.

69.     As a result of the foregoing, Plaintiff's liberties were restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and was otherwise damaged and injured.

### SEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING,
### RETENTION, SUPERVISION AND TRAINING

70.     Plaintiff JAMES ROLKIEWICZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

71.     Defendant the CITY OF NEW YORK and the New York City Police Department negligently hired, screened, retained, supervised and trained Defendants POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK.   The acts and conduct of the Defendants were the direct and proximate cause of injury to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72.     As a result of the foregoing, Plaintiff JAMES ROLKIEWICZ was deprived of his liberty, suffered specific and serious physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**EIGHTH CAUSE OF ACTION**
**FALSE ARREST and FALSE IMPRISONMENT**

73.     Plaintiff JAMES ROLKIEWICZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

74.     By the actions described above, Defendants POLICE OFFICER COLIN SULLIVAN and POLICE OFFICER JAMES QUIRK, falsely arrested or caused to be falsely arrested Plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so.  The acts and conduct of the Defendant were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75.     By the actions described above, Defendants THE CITY OF NEW YORK, POLICE OFFICER COLIN SULLIVAN, and POLICE OFFICER JAMES QUIRK falsely arrested or caused to be falsely arrested Plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76.     As a result of the foregoing, Plaintiff JAMES ROLKIEWICZ was deprived of his liberty, suffered psychological injury and emotional distress, great humiliation, costs and expenses,        and        was        otherwise        damaged        and        injured.

## NINTH CAUSE OF ACTION
### NEGLIGENCE

77.     Plaintiff JAMES ROLKIEWICZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

78.     Defendant POLICE OFFICER COLIN SULLIVAN negligently caused injuries, emotional distress and damage to the Plaintiff.  The acts and conduct of the Defendant were the direct and proximate cause of injury to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79.     Defendant POLICE OFFICER JAMES QUIRK negligently caused injuries, emotional distress and damage to the Plaintiff.  The acts and conduct of the Defendant were the direct and proximate cause of injury to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80.     Defendants THE CITY OF NEW YORK, POLICE OFFICER COLIN SULLIVAN, and POLICE OFFICER JAMES QUIRK negligently caused injuries, emotional distress and damage to the Plaintiff.  The acts and conduct of the Defendants were the direct and proximate cause of injury to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81.     As a result of the foregoing, Plaintiff JAMES ROLKIEWICZ  was deprived of his liberty, suffered psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**TENTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL HARM**

82.     Plaintiff JAMES ROLKIEWICZ  repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

83.     Defendant POLICE OFFICER COLIN SULLIVAN negligently caused injuries, emotional distress and damage to the Plaintiff.

84.     The acts and conduct of the Defendant were the direct and proximate cause of injury to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

85.     Defendants THE CITY OF NEW YORK and POLICE OFFICER JAMES QUIRK negligently caused emotional distress and damage to Plaintiff.

86.     The acts and conduct of the Defendants were the direct and proximate cause of emotional injury to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87.     As a result of the foregoing, Plaintiff JAMES ROLKIEWICZ was deprived of his liberty, suffered psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**ELEVENTH CAUSE OF ACTION**

88.     Plaintiff JAMES ROLKIEWICZ  repeats and reiterates each and every of the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

89.     Defendants' conduct towards Plaintiff JAMES ROLKIEWICZ  was so outrageous and shocking that it exceeded all reasonable bounds of decency tolerated by the average member of the community.

90.     Defendants' acted with the desire to cause Plaintiff JAMES ROLKIEWICZ mental distress or acted under circumstances known to them which made it substantially certain that they would cause such mental distress.

91.     Defendants acted with utter disregard of the consequences of their actions.

92.     As a result of the foregoing, Plaintiff JAMES ROLKIEWICZ  has sustained severe and disabling permanent physical injuries, debilitating emotional and psychological distress, anguish, anxiety, fear, embarrassment, degradation, shock, debasement, pain, suffering, loss of reputation and humiliation.

93.     As a result of the foregoing, Plaintiff JAMES ROLKIEWICZ  demands judgment against Defendants, THE CITY OF NEW YORK, POLICE OFFICER COLIN SULLIVAN, and POLICE OFFICER JAMES QUIRK, in their official and individual capacity, in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

## TWELFTH CAUSE OF ACTION

107.    Plaintiff JAMES ROLKIEWICZ  repeats and reiterates each and every of the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

108.    Upon information and belief, defendant THE CITY OF NEW YORK, through the defendants POLICE OFFICER COLIN SULLIVAN, and POLICE OFFICER JAMES QUIRK of the New York City Police Department owed a duty of care to this Plaintiff to prevent the physical and mental abuse sustained by Plaintiff.

109.    Upon information and belief, defendant THE CITY OF NEW YORK, through defendants POLICE OFFICER COLIN SULLIVAN, and POLICE OFFICER JAMES QUIRK of the New York City Police Department, owed a duty of care to this Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to this Plaintiff or to those in a like situation would probably result from this conduct.

110.    As a result of the foregoing, Plaintiff JAMES ROLKIEWICZ  demands judgment against defendants, THE CITY OF NEW YORK, POLICE OFFICER COLIN SULLIVAN, and POLICE OFFICER JAMES QUIRK  of the New York City Police Department, in their official and individual capacity, in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

### THIRTEENTH CAUSE OF ACTION
### 42 U.S.C. § 1985(3) CONSPIRACY WITH RACIAL ANIMUS

111.    Plaintiff JAMES ROLKIEWICZ  repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "110" with the same force and effect as if fully set forth herein.

112.    Upon information and belief, Defendant THE CITY OF NEW YORK, through the Defendants POLICE OFFICER COLIN SULLIVAN, and POLICE OFFICER JAMES QUIRK  of the New York City Police Department, in their official and individual capacity, acting individually and in concert, and in conspiracy with one another, and under color of law, and with others, the individual defendants and with others, reached a mutual understanding, and acted to undertake a course of conduct to injure, oppress, threaten, and intimidate Plaintiff in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution including the rights: to be free from the intentional use of

unreasonable force; to be free from unreasonable searches and seizures; to associate and speak freely; to have access and seek redress in the courts; and to be free from false arrest, false imprisonment, and the delay and/or denial of medical attention.

113.    As a result of the foregoing, Plaintiff JAMES ROLKIEWICZ  demands judgment against defendants, THE CITY OF NEW YORK, Defendants POLICE OFFICER COLIN SULLIVAN, and POLICE OFFICER JAMES QUIRK  of the New York City Police Department, in their individual and official capacity, in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
**<u>MUNICIPAL LIABILITY</u>**

114.    Plaintiff JAMES ROLKIEWICZ  repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "113" with the same force and effect as if fully set forth herein.

115.    Defendants arrested and incarcerated Plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff's liberties, well-being, safety and constitutional rights.

116.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

117.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and New York City Police Department, all under the supervision of ranking officers of said department.

118.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

a)    fabricating evidence against innocent persons erroneously arrested.
b)    arresting innocent persons wrongfully apprehended.
c)    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

119.    The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

- **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Theodore Richardson v. City of New York, et al.,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

120.    The foregoing customs, customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

121.    The foregoing customs, customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

122.     The foregoing customs, customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

123.     As a result of the foregoing customs, customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, Plaintiff was incarcerated unlawfully.

124.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

125.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

126.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from seizure and arrest not based upon probable cause;

        C.     To be free from unwarranted and malicious criminal prosecution;

        D.     Not to have cruel and unusual punishment imposed upon them; and

        E.     To receive equal protection under the law.

127.     That by reason of the foregoing, Plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements and attorney's fees.

**AS AND FOR A FIFTEENTH CLAIM FOR RELIEF**
**<u>DENIAL OF MEDICAL TREATMENT</u>**

128.     Plaintiff JAMES ROLKIEWICZ  repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "127" with the same force and effect as if fully set forth herein.

129.     That immediately prior to and during the course of his arrest and detention, plaintiff was accosted, assaulted and battered by defendants PO SULLIVAN and PO QUIRK, by act and failure to act, and denied proper medical care.

130.     That by reason of the aforesaid, plaintiff sustained personal injuries, endured and will endure pain and suffering and loss of enjoyment of life, and economic loss, and was otherwise damaged.

**AS AND FOR A SIXTEENTH CLAIM FOR RELIEF**
**<u>MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983</u>**

131.     Plaintiff JAMES ROLKIEWICZ repeats and reiterates each and every allegation contained in paragraphs marked "1" through "130" with the same force and effect as if fully set forth herein.

132.     Defendants issued legal process to place plaintiff JAMES ROLKIEWICZ under arrest.

133.     Defendants arrested plaintiff JAMES ROLKIEWICZ in order to obtain a collateral objective outside the legitimate ends of the legal process.

134.     That following his arrest, plaintiff was wrongfully, falsely and maliciously charged by defendants and prosecuted for a crime of which he was innocent.

135.     That as a result thereof, during the period of September 1, 2015 and through September 3, 2015, plaintiff was incarcerated, remained in handcuffs, required to make an

appearance in Criminal Court in New York County, City and State of New York, to defend himself in the criminal proceedings that defendants had initiated against him.

136.   Plaintiff had not committed any illegal act.

137.   Defendants acted with malice in initiating criminal proceedings against plaintiff.

138.   Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

139.   Defendants lacked probable cause to continue criminal proceedings against plaintiff.

140.   Defendants acted with malice in continuing criminal proceedings against plaintiff.

141.   Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

142.   Plaintiff had not given defendants, its agents, servants and/or employees probable cause to believe that he had committed the illegal acts hereinafter complained of.

143.   Defendants knew, or should have known through the exercise of reasonable care and proper police procedure that said investigation was flawed and incomplete.

144.   Defendants, their agents, servants and/or employees willful and wrongfully accused plaintiff of having committed a crime in violation of the Penal Laws of the State of New York.

145.   The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and detaining the Plaintiff.

146.   As a result of the aforesaid, Plaintiff JAMES ROLKIEWICZ sustained the injuries and damages previously described in this complaint.

147.    That as a result of the aforesaid malicious prosecution, plaintiff JAMES ROLKIEWICZ, was subjected to great indignities, humiliation, and ridicule, was caused to suffer much pain in both mind and body, was deprived of his constitutional rights and was otherwise damaged.

## THE ITEMS OF DAMAGE OR INJURIES CLAIMED

148.    That by reason of the foregoing, Plaintiff, JAMES ROLKIEWICZ , was severely injured and damaged, sustained personal injuries, bruises, contusions, trauma, mental distress and other injuries; nerve damage to both his wrists, both the left and right hands and his fingers; his civil rights were violated and he sustained medical and dental expenses.

149.    Plaintiff was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries, and Plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and Plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to Plaintiff's great damage.

150.    Plaintiff JAMES ROLKIEWICZ  suffered a deprivation of his civil rights and liberty, was falsely arrested, falsely imprisoned, the use of excessive and unnecessary force was used against him, the use of brutal force was used against him, beaten, battered, assaulted, kicked, punched, humiliated, embarrassed, unlawfully detained, falsely arrested, wrongfully detained, maliciously prosecuted, suffered emotional harm, shock, was falsely imprisoned without judicial process, loss of reputation in the community, loss of self-esteem, fear and anxiety as a result of this incident.

151.    Plaintiff JAMES ROLKIEWICZ felt grave fear and intimidation for his safety and well being by virtue of the intentional, deliberate and malicious acts of the Police Officers from the 6TH New York City Police Precinct.

152.    Plaintiff was deprived of his freedom and liberty.

153.    That by reason of the foregoing, Plaintiff JAMES ROLKIEWICZ  has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements and attorney's fees.

**WHEREFORE**, plaintiff JAMES ROLKIEWICZ demands judgment in the sum of Five Million Dollars ($5,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
      January 23, 2017

                               **/s/Pamela S. Roth**
                             PAMELA S. ROTH (PR7124)
                             **LAW OFFICES OF PAMELA S. ROTH,**
                             **ESQ. P.C.**
                             Attorneys for Plaintiff
                             **JAMES ROLKIEWICZ**
                             **20 Vesey Street, 7th Floor**
                             **New York, New York 10007**
                             **(212)-766-8484**